Attorneys—S. A. Headley and W. K. Sib-

No. 45
### PATTERSON v. PITTS. TIN PLATE & STEEL CORP.

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1228.   December 1, 1924

465. ERROR—Order refusing injunction to restrain corporation from issuing bonds and mortgage is reviewable on error.

313. CORPORATIONS—Lien for fees on corporation stock held not superior to claims of general creditors and bondholders.

639. INJUNCTIONS—Injunction refused restraining corporation from issuing bonds and mortgage until lien upon stock is paid.

PER CURIAM.

Epitomized Opinion
Published only in Ohio Law Abstract

Injunction to restrain the steel corporation from enforcing and carrying out mortgage for sale of bonds amounting to $300,000. Patterson originally obtained an allowance of $10,000 which was made a lien on the stock of the corporation. $185,000 bonds had been subscribed for cash when the suit was instituted and $80,000 subscribed by creditors. No bad faith or fradulent purpose is shown by the directors in issuing such bonds and mortgage. Patterson contends that his lien upon stock entitles him to stop the issue of bonds until his claim is paid. It appears from the evidence that Patterson, being consulted before the mortgage was executed, offered no objection, at least no explicit denial of this statement appears in the record. A motion was filed to dismiss error proceedings upon the ground that injunction refused is a preliminary order. Affirming the common pleas the court of appeals held:

1. Order refusing injunction to restrain a corporation from issuing bonds and mortgage is final and reviewable on error.

2. Lien for fees upon corporation stock is not superior to rights of general creditors, hence, injunction will not lie to restrain the corporation from issuing bonds and executing mortgage to prosecute its business.

Attorneys—Samuel L. Black, for Patterson; Timothy S. Hogan and M. H. Patterson, for Tin Plate and Steel Corp.; all of Columbus.

No. 46
### BELLOVITCH v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5228.   Decided Sept. 22, 1924

705.  LARCENY—Charge of pocket picking not sustained by being jostled in store and identification of jostler.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Bellovitch was indicted for the crime of pickpocketing on July 18, 1923 at Kresge's store. At the trial the only evidence offered was by the prosecuting witness that she had in her purse eight ten dollar bills when she made a purchase at Wolf's store and some twenty minutes later she had left the Wolf store and passed through the crowded thoroughfare known as Euclid Ave. and entered Kresge's store. While standing at the toilet supply counter she was jostled on two occasions by another woman and immediately afterward she examined her pocketbook and found eight ten dollar bills missing. Bellovitch was arrested five days later and was identified by the prosecuting witness as the person who jostled her. At the close of the state's case the court overruled a motion for a new trial. Upon conviction error proceedings were prosecuted and the court of appeals held:

That the judgment of the court below should be reversed and the plaintiff in error discharged on the ground that the verdict and judgment are clearly and manifestly against the weight of the evidence and that the court committed prejudicial error in refusing to grant motion for a new trial.

Attorneys—Frank S. Day, for Bellovitch; E. C. Stanton, for State; all of Cleveland.